FILED

2016 SEP 19 PM 3:57

[stamp, partially illegible] CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEAVY WELCH, | ) | CASE NO. 5:16 CV 2188 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| S. MERLAK, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Leavy Welck is an inmate in the Federal Correctional Institution in Elkton, Ohio. He has filed this action seeking an "Emergency Writ of Habeas Corpus to challenge his Present Physical Confinement" pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The basis for his petition is that he was incorrectly sentenced as a career offender in connection with his conviction in *U.S. v. Leavy A. Welch*, 5: 11 CR 476, in which he pleaded guilty to distributing crack cocaine, possessing powder cocaine with the intent to distribute, and maintaining a drug involved premises. He contends he was incorrectly designated a career offender at sentencing because a prior Ohio conviction he had did not meet the requirements for a predicate felony. The Sixth Circuit, however, rejected that position and affirmed his sentence on direct appeal. *See U.S. v. Welch*, 555 F. App'x 538 (6th Cir. 2014). This Court also denied a

motion by petitioner to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See U.S. v. Welch*, 5:11 CR 476, Docket No. 100.

A federal district court must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

The petition must be summarily dismissed. A *habeas* petition under §2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence, which must be asserted in the sentencing court under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under highly exceptional circumstances, a federal prisoner may challenge his conviction or sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under §2255 is inadequate or ineffective to test the legality of his detention. *Allen v. Lamanna*, 13 F. App'x 308, 310 (6th Cir. 2001). To do so, a petitioner must establish a claim of actual innocence based on a new rule of law made retroactive by the Supreme Court. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Petitioner challenges his sentence and does not raise a claim of actual innocence, let alone one depending on a new retroactively-applicable rule of law. Accordingly, he is not entitled to any relief by way of § 2241. Accordingly, the petition is denied and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Dan Aaron Polster

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE